UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
DESLY INTERNATIONAL CORPORATION;
MARAT NOVIKOV; OLGA NOVIKOV; ANDREY
NOVIKOV,

                     Plaintiffs/Counter-
Defendants,

                -against-

OTKRYTOE AKTSIONERNOE OBSHCHESTVO
"SPARTAK" a/k/a SOVMESTNOE
PREDPRIYATIE OTKRYTOE and a/k/a
AKTSIONERNOE OBSHCHESTVO "SPARTAK";
EURO IMPORT DISTRIBUTIONS INC.; EURO
IMPORT BEL LLC; EURO IMPORT INC.,

                     Defendants/Counter-
Plaintiffs.
---------------------------------------------------------------- x

SHORT FORM
MEMORANDUM & ORDER
13-CV-2303 (ENV) (LB)

VITALIANO, D.J.

Jury selection in this case is scheduled to take place on June 26, 2017. The parties – plaintiffs/counter-claim defendants Desly International Corporation, Marat Novikov, Olga Novikova, and Andrey Novikov (collectively "Desly"), defendant/counter-claim plaintiff Otkrytoe Aktsionernoe Obshchestvo "Spartak" ("Spartak"), and defendants/counter-claim plaintiffs Euro Import Distributions Inc., Euro Import Bel LLC, and Euro Import Inc. (collectively "Euro") – have filed various evidentiary motions *in limine*. Dkt. Nos. 117, 118, 119, 120, 121, 122, 126. Having considered the submissions of the parties, and following a pretrial conference on April 28, 2017 where certain issues raised in the motions were clarified, the motions *in limine* are resolved in the manner and for the reasons as set forth below.

1

I.  **Desly's motions *in limine***

| Motion | Ruling |
|---|---|
| (A) Desly's motion, pursuant to Federal Rule of Civil Procedure 37(c)(1), to preclude Euro from offering testimony from eight previously undisclosed and unnamed witnesses, all of whom Euro was obliged to disclose pursuant to Federal Rule of Civil Procedure 26. Dkt. No. 117. | (A) As to the first four witnesses identified by Desly – Leonid Goldfield, Edward Kartash, "Valentina N.", and Andrey Vladimirovich Boykov – other than Valentina N., who is apparently an employee of Desly, the Court finds that significant prejudice would result from allowing them to testify in the absence of an opportunity for Desly to depose them – an opportunity it was denied by Euro's failure to disclose them in the course of discovery. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). However, this prejudice can be cured by providing Desly with such a refreshed opportunity to do so. Accordingly, if Euro wishes to call any of these three witnesses at trial, it is directed to make them available during the week of June 19 for deposition at a mutually convenient time and place. Euro is to absorb all costs associated with any such deposition, including providing Desly an expedited copy of any transcript. As to the |

|  | unnamed, witnesses – Euro Import Customers Nos. 1 & 2 and Prospective Customers of Euro Import Nos. 1 & 2 – Euro represented that it would "provide the names of the remaining four witnesses . . . by April 1, 2017, or withdraw testimony from these witnesses." Dkt. No. 132 at 8. As of April 28, according to Desly's unchallenged representation at the pretrial conference, these witnesses had not been identified. *See* Conf. Tr. at 40. They are, therefore, precluded from testifying at trial. Desly's motion is granted to the extent indicated. |
|---|---|
| (B) Desly's motion, pursuant to Rule 37(c)(1), to preclude "five categories of exhibits that [Euro] intends to rely on at trial, but that have not been produced." Dkt. No. 118. | (B) In response to the motion, Euro has withdrawn two categories of documents from its exhibit list, namely, communications between Euro and Spartak both prior to, and subsequent to, the effective date of the Distributor Agreement between Euro and Spartak. *See* Dkt. No. 132 at 4. As to these documents, the motion is denied as academic. As to the remaining three categories, *i.e.*, (i) Desly's communications concerning Spartak |

3

| | |
|---|---|
| | products with Kartash, a custom's broker allegedly used by Desly, (ii) the website contents of spartakusa.com and desly.com, and (iii) transcription of plaintiff Marat Novikov's interview on DaNu Radio, the motion is denied to the extent that Euro will be permitted to proffer these documents at trial, provided they are currently in its possession, and copies will be made available to Desly in line with this Order. This ruling does not extend to their ultimate admissibility. The documents, of course, must satisfy the standard evidentiary hurdles of relevance, probative value, prejudice, and foundation, among others. In any event, little prejudice will be visited upon Desly on account of Euro's use of these late starters, given their description, provided that Euro produces these materials, with copies of certified English translations of the originals in their native language, *see* Section I(C) below, to Desly by noon on June 19, 2017. |
| (C) Desly's motion to preclude Euro and Spartak from offering at trial any exhibits in a | (C) Desly's motion is granted. *See Chen v. Wai? Cafe Inc.*, No. 10 CIV. 7254 (JCF), 2016 |

4

| | |
|---|---|
| foreign language without a certified English translation of such document. Dkt. No. 119. | WL 722185, at *6 n.5 (S.D.N.Y. Feb. 19, 2016) (noting the "well-established rule that a document[] in a foreign language is generally inadmissible unless accompanied by a certified English translation"). Euro and Spartak are directed to produce to Desly certified English translations of all documents on their exhibit lists by noon on June 19, 2017. |
| (D)  Desly's motion to preclude Spartak and Euro from using pejorative language (such as, "illegal") when referring to the following acts: (i) Desly's sale of Spartak products manufactured by Spartak and purchased from third parties; and (ii) Desly's sale of Spartak products manufactured by Spartak and sold off by Desly after the termination of the distribution agreement. Dkt. No. 121. | (D)  Desly's motion is granted to the extent that neither Spartak nor Euro will be permitted to use the term "illegal" with respect to Desly's conduct.  *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 192 (S.D.N.Y. 2008) (precluding parties from characterizing admissible evidence and testimony as, *inter alia*, "illegal" on Rule 403 grounds). |
| (E)  Desly's motion requesting that the Court "(1) instruct the parties prior to trial as to how they may refer to the Summary Judgment [d]ecision during the trial, and (2) instruct the jury as to the Summary Judgment [d]ecision so that it may determine damages, if any, for | (E)  The matter raised on this motion is not appropriate for resolution by *in limine* motion (having nothing to do with proffered evidence) and it is denied on that basis.  Further, no party shall make reference before the jury to the existence of a summary judgment motion, |

| | |
|---|---|
| claims already decided by the Court." Dkt. No. 122. | much less its resolution. There are standard jury instructions for the trial of damages only, which the Court intends to follow. Should the parties, notwithstanding this advice, wish to submit a proposed preliminary charge on this topic, they may do so prior to noon on June 19, 2017. |
| (F) Desly's motion, pursuant to Evidence Rules 401(b), 402, and 403, to prevent Spartak from offering testimony, exhibits, or argument related to any alleged damages resulting from Desly's sale of genuine Spartak products manufactured by Spartak and purchased from third parties ("gray market goods"). Dkt. No. 120. | (F) By way of necessary background, Spartak relies on an eight-page statement, reflecting transactions by Desly which Spartak claims entitles it to more than $27 million. This compilation makes reference to three documents produced by Desly: (i) a document that Spartak describes as reflecting $466,262.34 in profits to Desly from 2012 to 2014, DES 6838-6841 (captured in Spartak's Table 1); (ii) a document that Spartak describes as reflecting $417,009.40 in profits to Desly in 2013, DES 5129-5130 (captured in Spartak's Table 2); and (iii) an accounting of more than $8 million in payments made by Desly *to Spartak* between 2009 and 2013, DES 5213-5217 (captured in Spartak's Table 3). *See* Dkt. |

No. 144 at 9. There is no question that these documents represent the entire universe of products that Spartak alleges to be at issue in this case.[1] *See* Conf. Tr. at 34, 37-38. Contrary to the thrust of this *in limine* motion, it is immaterial whether this discrete component of Desly's sales of Spartak-branded goods actually meets the definition of gray market products, and the Court will waste no time resolving any dispute about that. Practically, for this reason then, Desly's motion is denied, to the extent that, if such gray market goods are reflected in either Table 1 or Table 2, Spartak will be permitted to seek damages on such product sales.[2]

---

[1] By letter dated June 1, 2017, Desly brought to the Court's attention a fourth document that, although produced by Desly, was never referenced by Spartak in its damages statement. This financial document reflects sales for non-Spartak goods purchased by Desly and sold between 2011 and 2012. *See* Dkt. No. 152; DES 006842-43. Spartak's failure to make reference to this previously produced document can lead the Court to but one conclusion: that it has no bearing on the damages Spartak seeks in this case. Additionally, any issues arising from any Rule 26(e) supplemental discovery produced by Desly, are not currently before the Court and, should there be supplementation later that raises evidentiary controversies, they may be addressed *in limine* by supplemental motion. *See* 5/26/17 Order (designating June 16, 2017 as the date for Rule 26(e) supplementation).

[2] Such goods cannot be reflected in Table 3, which accounts for "finished products" shipped to Desly from Spartak, approved for Desly's distribution. *See* Dkt. No. 80 ¶ 22 (Spartak 56.1 Statement).

## II. Spartak's motions *in limine*

| Motion | Ruling |
| --- | --- |
| (A) Spartak's motion, pursuant to Evidence Rule 401, to preclude Desly from re-litigating or contradicting the Court's summary judgment Order. Dkt. No. 126. | (A) Spartak's three-sentence, sweeping request for an across the board evidentiary ruling is denied. *See Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003) ("A motion in limine may properly be denied where it is too sweeping in scope."). To the extent that any party contradicts any prior ruling of the Court, the Court will revisit this issue at that time. All parties are expected to adhere to the law of the case. |
| (B) Spartak's motion, pursuant to Evidence Rule 403, to exclude evidence regarding plaintiff Marat Novikov's role at Spartak, any alleged oral permission to register the Spartak mark, third-party companies owned by Novikov, and actions of the Belarus government. Dkt. No. 126. | (B) A certain amount of background evidence is, of course, admissible at trial. *See Song v. Ives Labs., Div. of Am. Home Prod. Corp.*, No. 86 CIV. 4358 (KMW), 1990 WL 96768, at *3 (S.D.N.Y. July 3, 1990). However, any evidence regarding alleged oral permission to register the Spartak mark has no bearing on the amount of damages, if any, to which Spartak is entitled in this action. Spartak's motion is granted to the extent that Desly will not be |

| | |
|---|---|
| | permitted to educe testimony or evidence regarding such oral permission or any similar subject that relates to liability rather than damages; the motion is, in all other respects, denied. |
| (C) Spartak's motion, pursuant to Evidence Rules 401 and 403, to preclude Desly from calling Alesia Samsonova to testify at trial, or otherwise relying upon Samsonova's deposition testimony. Dkt. No. 126. | (C) As Desly points out in its opposition, Spartak itself lists Samsonova on its witness list, albeit for rebuttal and/or impeachment purposes. *See* Dkt. No. 113 at 13 (Joint Pretrial Order). Among the testimony that Spartak "expects" from Samsonova is testimony regarding any "damages to be awarded to Spartak." *Id.* Given this most material subject area, Spartak's motion is denied. Such testimony is clearly relevant, regardless of who educes it, and there has been no showing that its probative value is substantially outweighed by unfair prejudice to Spartak. |
| (D) Spartak's motion to preclude Desly from asserting the defense of laches. Dkt. No. 126. | (D) Laches being a defense to claims in equity, and there being no such claims remaining to be tried, Spartak's motion is granted. *See Ivani Contracting Corp. v. City of New York*, 103 |

| | F.3d 257, 260 (2d Cir. 1997); see also Conf. Tr. at 12. |

All remaining *in limine* motions and any other open matters will be addressed in forthcoming orders.

So Ordered.

Dated: Brooklyn, New York
June 13, 2017

/s/ USDJ ERIC N. VITALIANO

------

ERIC N. VITALIANO
United States District Judge